UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY JOHNSON AND<br>THE ESTATE OF SARAH L. JOHNSON, | §<br>§<br>§ | |
| PLAINTIFFS | §<br>§ | |
| VS. | §<br>§ | |
| | § | Civil Action No. 1:18-CV-00976 |
| FINANCE OF AMERICA REVERSE, LLC, | §<br>§ | |
| DEFENDANT | § | |

### DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

COMES NOW Defendant FINANCE OF AMERICA REVERSE, LLC ("FOAR" or "Defendant") and files this Original Answer and Counterclaim to Plaintiff's Original Petition For Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief ("Petition") and in support thereof respectfully shows the Court as follows:

Plaintiff's Petition fails to state a claim against Defendant upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing, Defendant answers the allegations contained within the specifically numbered sections of Plaintiff's Petition as follows:

### I.
### ADMISSIONS AND DENIALS

#### Discovery Control Plan

1. The allegations contained in Paragraph 1 are denied because this matter in now in the United States District Court. Discovery levels do not apply in United States District Court.

#### Parties

2. Defendant denies the allegations contained in Paragraph 2 of the Petition based

upon lack of sufficient information to justify a belief therein.

3.   Defendant denies the allegations contained in Paragraph 3 of the Petition based upon lack of sufficient information to justify a belief therein.

### Venue and Jurisdiction

4.   Defendant denies the allegations contained in <u>both</u> Paragraphs numbered 4 of the Petition (relating to parties and venue) and demands strict proof thereof.

### Venue and Jurisdiction

5.   Defendant denies the allegations contained in Paragraph 5 and demands strict proof thereof.

6.   Defendant denies the allegations contained in Paragraph 6 and demands strict proof thereof.

### Brief Summary

7.   Defendant denies the allegations contained in Paragraph 7.

### Factual Background

8.   Defendant denies the allegations contained in Paragraph 8.

9.   Defendant denies the allegations contained in Paragraph 9.

10.   Defendant can neither admit or deny Paragraph 10 of the Petition because it is mischaracterizes the Deed of Trust as a loan, accordingly, Defendant denies allegations.

11.   Defendant can neither admit or deny Paragraph 11 of the Petition because it is mischaracterizes the Deed of Trust as a lien, accordingly, Defendant denies allegations.

12.   Admitted.

13.   Defendant denies the allegations contained in Paragraph 13 of the Petition.

14.   Admitted.

15. Admitted.

16. Defendant denies the allegations contained in Paragraph 16 of the Petition.

17. Admitted.

18. Defendant admits the allegations contained in Paragraph 18 of the Petition.

19. Defendant denies the allegations in Paragraph 19 of the Petition and demands strict proof thereof.

20. Defendant denies the allegations in Paragraph 20 of the Petition for lack of sufficient information to justify a belief therein.

**Qualified Written Request re: Notice of Error Prohibiting Foreclosure**

21. Defendant denies the allegations in Paragraph 21 of the Petition are denied for lack of sufficient information to justify a belief therein.

22. Defendant denies the allegations in Paragraph 22 of the Petition are denied for lack of sufficient information to justify a belief therein.

23. Denied.

24. Defendant denies the allegations contained in Paragraph 24 of the Petition.

25. Defendant denies the allegations contained in Paragraph 25 of the Petition.

**Loss Mitigation Application**

26. Defendant denies the allegations contained in Paragraph 26 of the Petition for lack of sufficient information to justify a belief therein.

27. Defendant denies the allegations contained in Paragraph 27 of the Petition for lack of sufficient information to justify a belief therein.

**FHA Requirements**

28. Denied.

29. Defendant denies the allegations contained in Paragraph 29 of the Petition.

30. Defendant denies the allegations contained in Paragraph 30 of the Petition for lack of sufficient information to justify a belief therein.

31. Defendant denies the allegations contained in Paragraph 31 of the Petition for lack of sufficient information to justify a belief therein.

32. Defendant denies the allegations contained in Paragraph 32 of the Petition for lack of sufficient information to justify a belief therein.

33. The allegations contained in Paragraph 34 of the Petition are denied for lack of sufficient information to justify a belief therein.

34. Defendant denies the allegations contained in Paragraph 27 of the Petition for lack of sufficient information to justify a belief therein.

35. Defendant denies the allegations contained in Paragraph 35 of the Petition.

36. Defendant denies the allegations contained in Paragraph 36 of the Petition.

**Reverse Mortgage Requirements**

37. Defendant denies the allegations contained in Paragraph 37 of the Petition.

38. Defendant denies the allegations contained in Paragraph 38 of the Petition.

39. Defendant denies the allegations contained in Paragraph 39 of the Petition.

40. Defendant can neither admit or deny because it is vague; accordingly, Defendant denies allegations in Paragraph 40 of the Petition.

41. There are no allegations to admit or deny in Paragraph 42 of the Petition.

42. Defendant can neither admit or deny because it is vague, accordingly, Defendant denies allegations in Paragraph 42 of the Petition.

## Arguments

43. Defendant denies the allegations contained in Paragraph 43 of the Petition.

44. Defendant denies the allegations contained in Paragraph 44 of the Petition.

45. Defendant denies the allegations contained in Paragraph 45 of the Petition.

46. Defendant denies the allegations contained in Paragraph 46 of the Petition.

47. Defendant denies the allegations contained in Paragraph 47 of the Petition.

48. Defendant can neither admit or deny Paragraph 48 of the Petition because it is vague, accordingly, Defendant denies allegations.

49. Defendant can neither admit or deny Paragraph 49 of the Petition because it is vague, accordingly, Defendant denies allegations.

50. Defendant can neither admit or deny Paragraph 50 of the Petition because it is vague, accordingly, Defendant denies allegations.

51. Defendant can neither admit or deny Paragraph 51 of the Petition because it is vague, accordingly, Defendant denies allegations.

52. Defendant can neither admit or deny Paragraph 52 of the Petition because it is vague, accordingly, Defendant denies allegations.

### Dual Tracking and Reverse Mortgages

53. Defendant can neither admit or deny Paragraph 53 of the Petition because it is vague, accordingly, Defendant denies allegations.

54. Defendant denies the allegations contained in Paragraph 54 of the Petition.

55. Defendant denies the allegations contained in Paragraph 55 of the Petition.

### Reverse Mortgage Requirements

56. Defendant denies the allegations contained in Paragraph 56 of the Petition.

57. Defendant denies the allegations contained in Paragraph 57 of the Petition.

58. Defendant can neither admit or deny Paragraph 58 of the Petition because it is vague, accordingly, Defendant denies allegations.

59. There are no allegations to admit or deny in Paragraph 59 of the Petition.

60. Defendant denies the allegations contained in Paragraph 60 of the Petition.

### Violation of HUD Regulations Governing the Foreclosure of FHA Loans

61. Defendant denies the allegations contained in Paragraph 61 of the Petition.

62. Defendant can neither admit or deny Paragraph 48 of the Petition because is vague, accordingly, Defendant denies allegations.

63. Defendant can neither admit or deny Paragraph 48 of the Petition because it is vague, accordingly, Defendant denies allegations.

64. Defendant can neither admit or deny Paragraph 48 of the Petition because it is vague, accordingly, Defendant denies allegations.

65. Defendant can neither admit or deny Paragraph 48 of the Petition because it is vague, accordingly, Defendant denies allegations.

66. Defendant can neither admit or deny Paragraph 48 of the Petition because it is vague, accordingly, Defendant denies allegations.

67. Defendant can neither admit or deny Paragraph 48 of the Petition because it is vague, accordingly, Defendant denies allegations.

68. Defendant denies the allegations contained in Paragraph 61 of the Petition.

### Conditions Precedent

69. The allegations contained in Paragraph 69 are denied because this matter in now in

the United States District Court. Discovery levels do not apply in United States District Court.

### Request for Temporary Restraining Order

70. There are no allegations in Paragraph 70 to admit or deny.

71. Defendant can neither admit or deny Paragraph 71 of the Petition because it is vague, accordingly, Defendant denies allegations.

72. Defendant denies the allegations contained in Paragraph 72 of the Petition.

73. Defendant denies the allegations contained in Paragraph 73 of the Petition.

74. Defendant can neither admit or deny Paragraph 74 of the Petition because it is vague, accordingly, Defendant denies allegations.

### Request for Temporary Order

75. There are no allegations in Paragraph 75 to admit or deny.

### Attorney's Fees

76. Defendant denies the allegations contained in Paragraph 76 of the Petition.

### Prayer

77. Defendant denies the allegations contained in Paragraph 77 of the Petition.

78. Defendant denies the allegations contained in Paragraph 78 of the Petition.

79. Defendant denies the allegations contained in Paragraph 79 of the Petition.

79. (1) Defendant denies the allegations contained in Paragraph 79 (1) of the Petition.

79. (2) Defendant denies the allegations contained in Paragraph 79 (2) of the Petition.

79. (3) Defendant denies the allegations contained in Paragraph 79 (3) of the Petition.

### **AFFIRMATIVE DEFENSES**

80. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of release.

81. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense that Plaintiff's claims are barred by contract.

82. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of waiver.

83. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of justification.

84. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of limitations.

85. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts that there were independent or intervening causes of Plaintiff's damages.

86. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts that their acts were not the producing cause of Plaintiff's damages.

87. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of reliance upon information from other sources pursuant to TEX. BUS. & COM. CODE §17.506(a).

88. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of contributory negligence. Specifically, Plaintiff's alleged damages, if any, were caused solely, or alternatively, in substantial part, by Plaintiff's own negligence or other acts or omissions. Pleading in the alternative, Defendant invokes the provisions of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, and would show that, to the extent Plaintiff sustained any damages, which is not admitted but is denied, the amount of recovery, if any, must be barred or, alternatively, reduced by Plaintiff's percentage of fault, negligence or responsibility.

89. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant denies that Plaintiff is entitled to any recovery from Defendant. However, to the extent any recovery is awarded to Plaintiff, such recovery must be offset by any amounts received from joint tortfeasors or the other defendants according to their proportionate responsibility under the applicable Texas law. Defendant prays for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to any matter pertaining to the claim or claims made herein by Plaintiff. In this regard, Defendant invokes all rights under law, including without limitation, any above-mentioned rights or election of rights provided by §33.014, or otherwise in Chapter 33 of the Texas Civil Practice & Remedies Code, or by any applicable law.

90. If this Court finds that Defendant committed error, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of *bona fide* error.

91. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense that the economic loss rule applies and bars Plaintiff from recovery in this litigation.

92. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the statute of frauds applies in this matter and bars Plaintiff from recovery in this litigation.

93. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant is entitled to an offset against Plaintiff's damages, if any, for the amount due and owing under the subject Note and Deed of Trust.

94. Defendant reserves the right to amend this Answer to assert other and further defenses.

## COUNTERCLAIM

*Frivolous Lawsuit under Texas Law and Reimbursement of Attorneys' Fees and Costs Pursuant to the Note and Deed of Trust*

5.  Plaintiff's pleadings in this matter violate Tex. Civ. Prac. & Rem. Code §§9.011 *et seq*. and §§10.001 *et seq*. because the pleadings are (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for an improper purpose, such as to cause unnecessary delay and/or needless increase in the cost of litigation.

59.  Plaintiff filed a groundless lawsuit and sent groundless disputes to Defendant to delay Defendant's right to foreclose on the Property following default.

60.  The Note and Security Instrument permit Defendant to recover attorneys' fees and costs from Plaintiff. In conjunction with the terms of the Note and Deed of Trust, Defendant seeks recovery of its reasonable and necessary attorneys' fees, witness fees, costs, fees of experts and deposition expenses, if any.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that:

(1)  Plaintiff take nothing by reason of this suit;

(2)  Defendant have recovery from Plaintiff for its actual damages, reasonable and necessary attorneys' fees, costs, expenses, prejudgment and post-judgment interest;

(3)  Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

                                        Respectfully submitted,

                            By:   //s// Branch M. Sheppard
                                  BRANCH M. SHEPPARD
                                  Texas State Bar No. 24033057
                                  bsheppard@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY JOHNSON TOMPKINS BURR & SMITH, A PLC

1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Defendant's Answer and Counterclaim was served on all parties of record on November 26, 2018, as follows:

***VIA CM/ECF***
JAMES MINERVE
115 SADDLE BLANKET TRAIL
BUDA, TEXAS 78610

                                           //s// Branch M. Sheppard
                                         Branch M. Sheppard